This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39703**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**VINCENT CANDELARIA,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Victor E. Valdez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his conviction, pursuant to a conditional plea agreement, of driving while under the influence (DWI), first offense. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm Defendant's conviction.

**{2}** In his memorandum in opposition, Defendant continues to assert that the metropolitan court erred in denying Defendant's motion to suppress because the officer lacked reasonable suspicion to stop the vehicle he was driving. [MIO 8-16] Defendant

continues to argue that the cashier's information did not provide the requisite reasonable suspicion to support the stop, and that the cashier's information was akin to an anonymous tip, relying upon *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111. [MIO 10] In our calendar notice, we proposed that *Contreras* and other New Mexico cases support a conclusion that citizen reports and anonymous tips concerning driving while intoxicated generally supply police with reasonable suspicion to initiate traffic stops, provided that sufficiently specific vehicle descriptions are provided, even in the absence of independent observation of erratic driving by the officer. *Id.* [CN 4] An anonymous tip "must be suitably corroborated or exhibit sufficient indicia of reliability to provide the police reasonable suspicion to make an investigatory stop." *Id.* ¶ 5. To the extent that the memorandum in opposition attempts to distinguish from our precedent the facts of the case at hand, where the cashier waved down the stopping officer, using the totality of the circumstances test applied in *Contreras*, we are unconvinced that any such distinctions present constitutional error. [MIO 10-16] We conclude that the metropolitan court did not err in denying Defendant's motion to suppress for lack of reasonable suspicion.

**{3}**     Defendant also continues to assert that the metropolitan court erred in deciding that the cashier's initial statement to the stopping officer was neither hearsay nor testimonial, and did not implicate Defendant's confrontation right. [MIO 16-21] In our calendar notice, we proposed to conclude that the statements the cashier made prior to the stop were not hearsay because it appeared that the State would not have offered those statements for the truth of the matter asserted. *See* Rule 11-801(C) NMRA ("Hearsay" means "a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). [*see* CN 7-8] Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous as to this conclusion by the metropolitan court. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}**     As to those statements by the cashier, Defendant also maintains his argument that they were testimonial, and that the metropolitan court's pretrial order authorizing their admission at trial violated Defendant's constitutional right of confrontation. In our calendar notice, we discussed the nature of the constitutional guarantee as explained by *Crawford v. Washington*, 541 U.S. 36 (2004). [CN 5-7] We analogized the cashier's statements to those that might be made in a 911 emergency call, and proposed that they would be nontestimonial by applying the factors provided in *State v. Soliz*, 2009-NMCA-079, ¶ 13, 146 N.M. 616, 213 P.3d 520 (holding under the facts of the case that a 911 call was nontestimonial). [CN 7] While Defendant continues to argue that

*Crawford* applies, and that the cashier's statements were testimonial, again, Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous as to this conclusion by the metropolitan court. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy*, 1998-NMCA-036, ¶ 24.

**{5}** Last, we address Defendant's assertion that he was denied his right to a speedy trial, primarily due to the Covid-19 pandemic. [MIO 21-35] In our calendar notice, we noted that Defendant included in his docketing statement not a single fact nor a single citation to any document in the record or to any authority as to his speedy trial argument. [CN 9] We observed that this Court presumes correctness in the trial court's rulings; the burden is on the appellant to clearly demonstrate the claimed error on appeal. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

**{6}** Defendant's memorandum in opposition provides this Court with a much more thorough accounting of the record proper and procedural history of this case. [MIO 21-25] Defendant specifically reserved the right to raise a speedy trial challenge on appeal, although he acknowledges that his speedy trial argument is unpreserved. [MIO 25] However, this Court may review an unpreserved speedy trial claim for fundamental error. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 49, 278 P.3d 517 (reviewing an unpreserved speedy trial claim for fundamental error).

**{7}** "In determining whether a defendant's speedy trial right was violated, [New Mexico] has adopted the United States Supreme Court's balancing test in *Barker v. Wingo*, 407 U.S. 514 . . . (1972)." *State v. Smith*, 2016-NMSC-007, ¶ 58, 367 P.3d 420.

> Under the *Barker* framework, courts weigh "the conduct of both the prosecution and the defendant" under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted his speedy trial right; and (4) the particular prejudice that the defendant actually suffered.

*Id.* (quoting *State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387). Our courts emphasize that "[t]he heart of the right to a speedy trial is preventing prejudice to the accused." *State v. Serros*, 2016-NMSC-008, ¶ 4, 366 P.3d 1121 (internal quotation marks and citation omitted).

**{8}** In Defendant's case, we begin our analysis by examining the factor of prejudice against a defendant to determine:

> [W]hether [the d]efendant has suffered prejudice from the delay in bringing his [or her] case to trial, we analyze three interests that are affected by the right to a speedy trial: (i) to prevent oppressive pretrial incarceration; (ii) to

minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

*Id.* ¶ 84 (internal quotation marks and citation omitted). In this case, Defendant explicitly acknowledges that "his generalized statements [as to his anxiety and concern], without more, do not support a particularized showing of prejudice." [MIO 34] Defendant agrees that he was released on his own recognizance shortly after his arrest. [MIO 22, 34]

**{9}** A defendant need not make a particularized showing of prejudice where the other three factors weigh heavily in the defendant's favor; we will presume prejudice. *See Garza*, 2009-NMSC-038, ¶ 39. Conversely, where the first three factors do not weigh heavily in the defendant's favor, he or she must make a particularized showing of prejudice for the Court to conclude that the right to a speedy trial was violated. *See id.* ¶ 40. Therefore, because in this case, Defendant acknowledges that he did not suffer particularized prejudice, all three factors must weigh heavily in Defendant's favor. Even accepting all of Defendant's assertions in his memorandum in opposition as to the other three factors—which we emphasize that we do not—Defendant cannot show, and indeed does not claim, that all three of the other factors weigh heavily in his favor.

**{10}** As to the length of the delay, accepting Defendant's assertion that this was a simple case, we agree that the delay in this case appears to be fifteen months from arrest to plea, which is beyond the presumptive threshold for a simple case. [MIO 29] "A delay of trial of twelve months is presumptively prejudicial in simple cases, fifteen months in intermediate cases, and eighteen months in complex cases." *State v. Flores*, 2015-NMCA-081, ¶ 5, 355 P.3d 81. It does not appear, however, that the length of the delay weighs *heavily* in Defendant's favor. "[T]he greater the delay the more heavily it will potentially weigh against the [s]tate." *Garza*, 2009-NMSC-038, ¶ 24 (stating where a ten-month and six-day delay beyond the triggering date did not weigh heavily in the defendant's favor); *see also State v. Montoya*, 2011-NMCA-074, ¶ 17, 150 N.M. 415, 259 P.3d 820 (stating where a six-month delay beyond the triggering date weighed only slightly against the state).

**{11}** With regard to the reasons for the delay, even accepting Defendant's assertion that "[m]ost of the delay was administrative in nature and due to the court resetting hearings, in part due to motion and status hearings, but primarily because of the COVID-19 pandemic," this factor also does not weigh heavily in favor of Defendant. [MIO 31] "There are three types of delay: (1) deliberate or intentional delay; (2) negligent or administrative delay; and (3) delay for which there is a valid reason." *State v. Suskiewich*, 2016-NMCA-004, ¶ 9, 363 P.3d 1247 (internal quotation marks and citation omitted). The first type weighs "heavily against the government," whereas "[n]egligent or administrative delay weighs against the state, though not heavily." *Id.* (alteration, internal quotation marks, and citation omitted). Defendant argues that "the need for [COVID-19] precautions does not change the fact that the delay was administrative in nature and administrative delay weighs against the State, though not heavily." [MIO 32] Accepting Defendant's characterizations of the delay in this case, we

agree that to the extent that the delay in his case was administrative, the reasons for the delay do not weigh *heavily* in Defendant's favor.

**{12}** Finally, as we engage in our fundamental error analysis because the argument is unpreserved, we note that Defendant essentially did not assert his right to a speedy trial. Under the assertion of the right factor, "we assess the timing of the defendant's assertion and the manner in which the right was asserted." *Garza*, 2009-NMSC-038, ¶ 32. "We accord weight to the frequency and force of the defendant's objections to the delay and analyze the defendant's actions with regard to the delay." *State v. Spearman*, 2012-NMSC-023, ¶ 31, 283 P.3d 272 (alteration, internal quotation marks, and citation omitted). Defendant again acknowledges that his sole demand for a speedy trial was three weeks after his arrest. [MIO 33] "[P]ro forma motions are generally afforded relatively little weight in this analysis." *State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061. Therefore, we cannot decide that this factor weighs *heavily* in Defendant's favor.

**{13}** Based on all of the above, especially because of the lack of particularized prejudice to Defendant, as acknowledged by Defendant, we cannot conclude that Defendant's right to a speedy trial was violated. *See Garza*, 2009-NMSC-038, ¶ 40 (where the first three factors do not weigh heavily in the defendant's favor, he or she must make a particularized showing of prejudice for the Court to conclude that the right to a speedy trial was violated).

**{14}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{15}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**